IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JERIMEY WAYNE GIBSON, )
 )
Petitioner, ) CIVIL ACTION NO.: CV511-085
 )
v. )
 )
UNITED STATES OF AMERICA, ) (Case No.: CR509-13)
 )
Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jerimey Gibson ("Gibson") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. The United States of America filed a Motion to Dismiss, to which Gibson failed to respond. For the reasons which follow, the United States' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Gibson was convicted, after pleading guilty, of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846. Gibson was sentenced on June 18, 2010, to 88 months' imprisonment and four years' supervised release. The Honorable Lisa Godbey Wood entered judgment against Gibson on June 21, 2010. (CR509-13, Doc. Nos. 124, 125). Gibson did not file an appeal.

In his Motion, Gibson contends that he was subjected to "double counting" on his sentence. Gibson asserts that his Motion is timely because he placed his Motion in the

prison mailing system on August 16, 2011. The United States contends that Gibson's Motion is untimely and should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Section 2255 of Title 28 of the United States Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Motions made pursuant to this section are subject to a statute of limitations period. This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Gibson does not assert that he was prevented from making a motion earlier or that his motion is based on a new, retroactively applicable Supreme Court decision or newly discovered facts. 28 U.S.C. §§ 2255(f)(2)-(4). Thus, the applicable limitations period began when his conviction became final. 28 U.S.C. § 2255(f)(1). Gibson was

sentenced on June 18, 2010, and judgment was entered on June 21, 2010. (CR209-13, Doc. Nos. 124, 125). Gibson had 14 days, or until July 6, 2010, to file a notice of appeal. FED. R. APP. P. 4(b)(1)(A)(i); FED. R. APP. P. 26(a)(1)(C).[1] Gibson did not file a notice of appeal, and his conviction became final on July 6, 2010. Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting that, when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Accordingly, Gibson had until July 7, 2011, to file a timely section 2255 motion. Gibson admits that he placed his § 2255 motion in the prison mail system on August 16, 2011, (Doc. No. 1, p. 12), which was more than one (1) month too late. Gibson untimely filed his motion under § 2255(f)(1).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the United States of America's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Gibson's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 1st day of November, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Gibson's 14 day period to file a notice of appeal expired July 5, 2010, which was a federal holiday. Thus, his notice of appeal had to be filed on or before July 6, 2010, to be timely filed with the Eleventh Circuit Court of Appeals.

AO 72A
(Rev. 8/82)